Argued April 25, reversed and remanded for resentencing May 30, reconsideration denied July 12, petition for review allowed September 8, 1978

STATE OF OREGON, *Respondent,*
*v.*
CHARLES ALVIN BILES, *Appellant.*
(No. 50833, CA 9737)
579 P2d 259

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on

the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant, having pled guilty to a charge of unauthorized use of a motor vehicle, appeals under ORS 138.050 from the sentence imposed. The defendant waived the presentence report required by ORS 144.790, and apparently none was prepared. At the time of sentencing, the trial court stated:

> "Very well. The Order will be that your legal and physical custody be committed to the Corrections Division of the State of Oregon without limitation of time for a term not to exceed one year. This sentence is to run concurrently with the prior sentence from Marion County, which is a burglary charge."

The state contends in effect that the defendant had a right to waive the presentence report and that since the sentence imposed was the result of a plea bargain between the defendant and the state, he has no cause for complaint, either for failure of the court to order and consider a presentence report under ORS 144.790 or failure to state reasons for the sentence imposed as required by ORS 137.120(2).

There probably are situations in which it makes little sense to require either a presentence report prior to sentencing or a statement of reasons for a sentence imposed. Arguably, the case before us may present such a situation. The fact remains that the requirements of ORS 137.120(2) and 144.790 are couched in mandatory, not discretionary, terms. We are therefore bound by the legislative mandates except when we can say that the application of the literal words of the statute would produce an absurd result.[1] *State v. Irving,* 268 Or 204, 520 P2d 354 (1974). This is not such a case. The public has an interest both in the defendant and in itself as a whole which transcends what may be the defendant's choice of alternatives or

---

[1] Arguably, ORS 163.115(5) presents such a situation. It provides:

"A person convicted of murder shall be punished by imprisonment for life."

the desires of the prosecution. Thus while an agreement reached through plea bargaining may and probably usually will be an important consideration in determining what sentence is to be imposed, it is not conclusively dispositive. The trial court must exercise its discretion in determining what sentence to impose. The legislature has mandated that in doing so the trial court must obtain and consider a presentence report and must state on the record the reasons for its decision. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

Reversed and remanded for resentencing.