Argued July 18, affirmed in part; remanded in part with instructions
August 8, 1978

STATE OF OREGON, *Respondent,*

*v.*

THOMAS WAYNE ADAIR, *Appellant.*

(No. C 77-09-12358, CA 10161)

582 P2d 50

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Donald L. Paillette, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant was indicted for and convicted of criminal activity in drugs and sentenced to five years' imprisonment. By a separate count in the same indictment he was charged with the felony of carrying a dangerous weapon, ORS 166.220. As a result of a plea bargain accepted by the trial court, defendant was allowed to plead guilty to the lesser-included offense of attempting to carry a concealed weapon, ORS 161.405(2)(d), a Class A misdemeanor. The trial court in its judgment order inadvertently found the defendant guilty of carrying a dangerous weapon, a Class C felony, but, in fact, imposed a misdemeanor sentence.

The defendant appeals the prison sentence, arguing that he should have received probation as was, in fact, not only urged by defendant, but recommended by the state. The trial court made a detailed and adequate statement of the reasons for the sentence it imposed. As we noted in *State v. Biles,* 34 Or App 531, 533, 579 P2d 259 (1978), "The public has an interest both in the defendant and in itself as a whole which transcends what may be the defendant's choice of alternatives or the desires of the prosecution."

As for the technical error in connection with the misdemeanor conviction, the state argues only that the error was harmless. We see no reason to delve into the potential for harm, because we see no harm in remanding for correction of the error.

Affirmed in part; remanded in part for correction of the judgment order pertaining to the misdemeanor conviction.