Argued November 30, 1978, affirmed January 29, 1979

STATE OF OREGON, *Respondent,*
*v.*
STEPHEN EDWARD CORRICK, *Appellant.*
(No. 78-4-87, CA 11441)

589 P2d 1186

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson,* Gillette and Roberts, Judges.

ROBERTS, J.

---
*Johnson, J., resigned December 18, 1978.

**ROBERTS, J.**

Defendant appeals from the sentence imposed following his plea of guilty to a charge of robbery in the first degree. Defendant contends that the trial court erred in failing to order a presentence report before imposing sentence for this crime[1] as required by ORS 144.790.[2]

Prior to trial in Clackamas County, defendant had received two concurrent twenty-year sentences on two counts of robbery in Multnomah County. At the time of sentencing in this case, the trial judge had before him the presentence report prepared for the Multnomah County sentencing. This report, which was three weeks old at the time of the Clackamas County sentencing, was placed before the trial judge by the defendant, and relied upon after the defendant had indicated that he had no objection to its use. The trial judge imposed a twenty-year sentence to run concurrently with the Multnomah County sentences.

Relying upon *State v. Dinkel,* 34 Or App 375, 579 P2d 245, *rev pending* (1978) and *State v. Biles,* 34 Or App 531, 579 P2d 259, *rev allowed* 283 Or 235 (1978), defendant contends that he could not waive his right to the presentence report. In *Dinkel* we noted that failure by a trial judge to comply with the statutory duty to consider a presentence report would be a proper circumstance for intervention by this court. In *Biles* we held that the legislative requirement of a presentence report was mandatory and could not be waived by the defendant "except when we can say that

---

[1] Defendant also contends that the sentence imposed by the trial judge was excessive and constituted cruel and unusual punishment. We are unconvinced by this argument, particularly in light of the fact that defendant received precisely the sentence requested by his counsel.

[2] ORS 144.790 provides in pertinent part:

"(1) Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court.* * *"

[ 249 ]

the application of the literal words of the statute would produce an absurd result." 34 Or App at 533. This is such a case.

On appeal, defendant's only substantive objection to the report is that it does not contain information about the present crime.

At the hearing in which defendant entered a guilty plea to Count One of an indictment for robbery, the following occurred:

"THE COURT: * * * Apparently this is to be done with the agreement by the District Attorney and the State that the State would dismiss the other cases and Count Two in this case that I have referred to, with the understanding that the District Attorney can make a statement to the Court regarding what is involved in this whole matter, including these other cases. Is that your understanding?

"MR. CORRICK: Yes, your Honor."

The district attorney explained the other charges to the court to which defendant made no objection or corrections. The court was informed that defendant had received two 20-year terms just two weeks earlier in Multnomah County Circuit Court and that defendant was transported to Clackamas County from Multnomah County where he had been incarcerated since sentencing.

It is difficult to imagine any set of circumstances where it would be more obvious that an updated presentence report is not necessary. Here, a new report would be the same as the one relied upon by the judge except for the addition of information about this crime, which information was available to the judge from the indictment and from the proceeding at the time of entry of the plea and sentencing. We, therefore, hold that in this case, where the report relied upon was only three weeks old and any new relevant material was before the court, a new presentence report was not required.

Affirmed.