Argued February 22, reversed and remanded
for resentencing April 2, 1979

STATE OF OREGON, *Respondent,*
*v.*
CLIFTON WASH, *Appellant.*
(No. C 78-04-06853, CA 11769)

592 P2d 1035

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant, having been convicted of burglary in the first degree, makes four assignments of error, only one of which warrants discussion: the failure of the sentencing court to order a presentence report dealing with the offense for which defendant was convicted.

At the time of the sentencing hearing on July 13, 1978, the trial court apparently had before it a presentence report obtained following defendant's forgery conviction on April 7, 1978. The report is dated May 10, 1978. ORS 144.790(1) provides:

> "Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court. If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and supplement bringing it up to date, to the sentencing court. The reports *shall contain recommendations with respect to the sentencing of the defendant * * *.*" (Emphasis supplied.)

Apparently all that was necessary to make the report adequate under the statute would have been a brief supplement containing nothing more than a sentencing recommendation. However, such a supplement was not provided. The petitioner's contention that the report was statutorily insufficient because the trial judge was " * * * without the recommendations of the Corrections Division personnel for this particular offense" is correct.[1]

Reversed and remanded for resentencing.

---

[1] In *State v. Corrick*, 38 Or App 247, 589 P2d 1186 (1979), there is dicta erroneously implying that a report submitted in connection with another crime is sufficient even if it is not updated by a sentencing recommendation covering the crime for which a defendant is being sentenced.