Memorandum. Defendant, who was originally charged with forgery, criminal impersonation, petit larceny and attempted petit larceny, was 'sentenced on October 16, 1973, after conference, to a nine-month period of incarceration upon her guilty plea to criminal impersonation (Penal Law, § 190.25, subd. 1, a class A misdemeanor), in full satisfaction of all charges. She is presently incarcerated. There was no presentence report at time of sentencing.
These charges stemmed from defendant signing the name ‘ ‘ claudine corrine ” to a supermarket cash register receipt in the amount of $35. She had only $26 at the time and agreed to return with the balance on the same day. She. did not return and was arrested a few days later.
CPL 390.20 (subd. 2, par. [c]) provides inter alia: “ 2. Requirement for misdemeanors. Where a person is convicted of a misdemeanor a pre-sentence report is not required, but the court may not pronounce any of the following sentences unless it has ordered a pre-sentence investigation of the defendant and has received a written report thereof: * * # (c) A sentence of imprisonment for a term in excess of ninety days
It is clear from the above that the court did not have discretion to impose a sentence of more than 90 days without a presentence report. Prior to the imposition of a sentence of more than 90 days there is an absolute duty by the sentencing court to order a presentence investigation. Sentence may not be pronounced prior to receipt of such investigation (People v. Selikoff, 41 A D 2d 376 [2d Dept.]). We recognize that our holding is contra to that of our colleagues in the First Department (see People v. Griffith,43 A D 2d 20 [1st Dept.]).
*579 We hold that .the requirements of a presentence report may not be waived. The presentence report requirement is designed not merely to make the sentence more meaningful for the offender but also to bring before the court factors that may call for treatment in the community. The presentence report requirement “ is designed for the criminal justice process, for the correctional process and society bather than for the convenience of the court, the prosecutor and the defendant ” (Practice Commentary in McKinney’s Cons. Laws of N. Y., Book 11A, CPL 390.20).
Additionally, we are of the opinion that ;the imposition of a nine-month sentence was excessive on the present record when applied to the facts in the case at bar.
Since defendant has served the only legally permissible sentence, no useful purpose would be served by remitting the matter to the court below (People v. Kvalheim, 17 N Y 2d 510, 511).
Judgment unanimously reversed on the law and in the interest of justice; complaint dismissed and defendant discharged.
Concur — Hogan, P. J., Farley and Gagliardi, JJ.