Argued April 25, reversed and remanded for sentencing May 30,
reconsideration denied July 12, 1978, petition for review
denied February 13, 1979

## STATE OF OREGON, *Respondent,*

*v.*

## BRUCE DARNELL SMITH, *Appellant.*

### (No. C 77-08-10853, CA 9583)

579 P2d 261

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

SCHWAB, C. J.

**SCHWAB, C. J.**

Defendant, having been convicted of first degree burglary, appeals under ORS 138.050 the sentence imposed. He contends, among other things, that the trial court erred in failing to comply with ORS 137.120(2) which states in pertinent part:

"* * * The court *shall* state on the record the reasons for the sentence imposed." (Emphasis supplied.)

As we pointed out in *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), this constituted a legislative mandate. The trial court made the following comments:

"THE COURT: Let's go through your record. The Court must apparently now give an explanation.

"* * * * *

"THE COURT: I want to go through this record to see if it's correct. Juvenile: curfew violation. '68, larceny of an automobile, informal probation. For protective custody, minor in possession, curfew violation warning, reckless driving, eluding a police officer, and no operator's license. That was a minor; is that approximately correct?

"MR. SMITH: That is true, Your Honor.

"THE COURT: When you're an adult back in March of '70 there was a trespass, and you paid a fine. There was a criminal activity in drugs which was dismissed in '72. You had a robbery III and a criminal activity in drugs. The robbery III was dismissed. You were given three years probation on drugs; is that correct?

"MR. SMITH: Yes, sir.

"THE COURT: You had some traffic violations. You had a theft II. You received 150 days in jail; is that right? '74, larceny, one year in jail. In '74, disorderly conduct, begging, harassment, promoting prostitution, and 10 days in jail for prostitution, case dismissed. Criminal activity in drugs, no complaint. Criminal activity in drugs in '76, and you had a three-year probation, right?

"MR. SMITH: (Nodding head affirmatively.)

"THE COURT: Theft II, 180 days suspended in '77, two years probation. Is that the one you're up for revocation on?

⌈ 541 ⌉

"MR. SMITH: Probably.

"THE COURT: For theft II?

"MR. SMITH: Yeah, that's the one I was thinking.

"THE COURT: What I've read, is that correct?

"MR. SMITH: All but the promotion of prostitution, the larceny, the vagrancy or whatever they call it.

"THE COURT: I think on the prostitution case they dismissed it.

"MR. SMITH: Yeah, They dismissed it because they had to, because the chick did not come to court.

"* * * * *

"THE COURT: All right. The Court is going to follow the recommendation of the investigative body of the corrections division and sentence the defendant to eight years in the penitentiary * * *."

These comments indicate that the trial judge had familiarized himself with the relevant information. However, in imposing sentence he simply referred to the recommendation of the "investigative body of the corrections division." He did not state on the record *his* reasons for the sentence imposed.

Reversed and remanded for resentencing, accompanied by a statement of reasons sufficient to meet the requirements of ORS 137.120(2). *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

Reversed and remanded for resentencing.