Argued August 22, reversed and remanded for imposition of new sentence October 2, reconsideration denied November 16, 1978, petition for review denied February 13, 1979, 285 Or 195

STATE OF OREGON, *Respondent,*
*v.*
VERNELL FRANKLIN, *Appellant.*
(No. 77-209C, CA 10593)

584 P2d 368

J. Marvin Kuhn, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Kathleen Dodds, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

[ 413 ]

TANZER, J.

**TANZER, J.**

Defendant appeals contending that his sentence is invalid because the trial court did not state its reasons for the sentence as required by ORS 137.120(2). We have hitherto held that such cases require remand for the imposition of new sentences with statements of reasons. *State v. Smith,* 34 Or App 539, 579 P2d 261 *rev pending* (1978).

■ The state defends the judgment and seeks to avoid remand on two bases. First, the reasons need not be articulated because the court merely accepted a plea bargain. This argument cannot prevail, however, because the court must exercise its own independent judgment, regardless of the recommendation of others. This point is made in *Smith* in regard to the recommendations in a pre-sentence investigation report and it is no less true here.

■ Second, the state contends that the error is not reviewable because there was no objection below. Inasmuch as the court did not exceed its authority, the argument has merit. We rule otherwise, however, because of the language of the Supreme Court, although it might be regarded as dicta, in *State ex rel Juv. Dept. v. Cole,* 280 Or 173, 570 P2d 365 (1977). There, a juvenile remand order was upheld under a statute requiring written findings, apparently because the transcribed oral findings constituted substantial compliance. In the course of so holding, the Supreme Court made clear that a non-complaint order would have been "invalid" because the requirement of articulation goes to the very substance of the order. Hence, remand is required.

Reversed and remanded for imposition of new sentence.