Argued and submitted March 7, affirmed July 12, 1979

# STATE OF OREGON,
*Petitioner,*

*v.*

# CHARLES ALVIN BILES,
*Respondent.*

## (CA 9737, SC 25811)

597 P2d 808

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General.

Stephanie A. Smythe, Deputy Public Defender, Salem, argued the cause for respondent. With her on the brief was Gary D. Babcock, Public Defender, Salem.

HOWELL, J.

**HOWELL, J.**

The 1977 Legislative Assembly extensively revised Oregon's statutory scheme relating to sentencing of criminal defendants and appellate review of sentences.[1] The question presented on this appeal is whether or not the statutory requirements of a presentence report[2] and a statement of reasons for the sentence[3] are mandatory.

Pursuant to a negotiated plea to a charge of unauthorized use of a motor vehicle, the defendant entered a plea of no contest. Also pursuant to the negotiated plea, and the recommendation of the district attorney, the court sentenced the defendant to the custody of the Corrections Division for one year, to be served concurrently with the balance of a sentence for burglary on which defendant's parole had recently been revoked. At the time of the plea and sentencing, the defendant and his counsel both stated that there was no need for a presentence report.

---

[1] 1977 Oregon Laws ch 372, §§ 1-18.

[2] ORS 144.790(1) provides:

"*Whenever any person is convicted of a felony, the Corrections Division shall furnish a presentence report to the sentencing court.* If a presentence report has previously been prepared by the Corrections Division with respect to the defendant, the division shall furnish a copy of that report, and a supplement bringing it up to date, to the sentencing court. The reports shall contain recommendations with respect to the sentencing of the defendant, including incarceration or alternatives to incarceration whenever the Corrections Division officer preparing the report believes such an alternative to be appropriate. All recommendations shall be for the information of the court and shall not limit the sentencing authority of the court." (Emphasis added.)

[3] ORS 137.120(2) provides:

"Whenever any person is convicted of a felony, the court shall, unless it imposes other than a sentence to serve a term of imprisonment in the custody of the Corrections Division, sentence such person to imprisonment for an indeterminate period of time, but stating and fixing in the judgment and sentence a maximum term for the crime, which shall not exceed the maximum term of imprisonment provided by law therefor; and judgment shall be given accordingly. Such a sentence shall be known as an indeterminate sentence. *The court shall state on the record the reasons for the sentence imposed.*" (Emphasis added.)

Defendant then appealed to the Court of Appeals, assigning as error the trial court's failure to state the reasons for the sentence imposed. The Court of Appeals remanded the case for resentencing, holding that because "the requirements of ORS 137.120(2) and 144.790 are couched in mandatory, not discretionary, terms[,]" the trial court's failure to order a presentence report and to state the reasons for the sentence required reversal. 34 Or App 531, 533, 579 P2d 259 (1978). We granted the state's petition for review, 283 Or 235 (1978).

I

Before turning to the merits of this particular case, it is helpful to consider generally this state's statutory scheme governing sentencing of criminal defendants. Prior to 1977, ORS 138.050 allowed Oregon appellate courts to set aside sentences in criminal cases only if the sentence was found to be "cruel, unusual, or excessive." The Court of Appeals interpreted this statute to require reversal of a sentence as "excessive" only if the sentence exceeded the statutory maximum allowed for the offense in question. *See, e.g., State v. Fisher,* 32 Or App 465, 469-70, 574 P2d 354 (1978). In 1977, the Oregon Legislature amended ORS 138.050 to include the following italicized language:

"* * * A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive *in light of the nature and background of the offender or the facts and circumstances of the offense.* * * * On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

In *State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978), the Court of Appeals discussed the effect of the

1977 amendment in the context of an appeal of a lengthy sentence for kidnapping, burglary, robbery, and unauthorized use of a motor vehicle. The court in *Dinkel* held that the 1977 amendment expanded the scope of appellate review of sentences, requiring it to take into account "both the nature and background of the offender and the facts and circumstances of the offense" in determining whether or not a sentence is "excessive." The court went on to hold, however, that it would not review sentencing de novo, and that it could perceive only two situations in which it would reverse a sentence under ORS 138.050:

> "The first would arise if a trial court failed to comply with its statutory duty under ORS 144.790(1) by not considering a presentence report, or violated ORS 137.120(2) by failing to state on the record its reasons for the sentence imposed. The second circumstance would arise only when we find that a sentence imposed by a trial court is, as other jurisdictions with similar sentence review statutes have stated, 'clearly mistaken,' *Bordewick v. State,* 569 P2d 184, 187 (Alas 1977), or a 'clear abuse of discretion,' *State v. Waldrip,* 111 Ariz 516, 533 P2d 1151 (1975)." 34 Or App at 387-88.

We agree with the court's conclusion that ORS 138.050 now requires some substantive review of sentences by appellate courts in Oregon. We turn now to the merits of the case before us.

## II

In its brief in this court, the state argues for the first time that the Court of Appeals lacked jurisdiction to consider this appeal because ORS 138.050 allows a defendant who pleads guilty or no contest in a criminal case to appeal only the excessiveness of his sentence. The defendant in this case does not actually challenge his sentence on that ground, but instead argues that the imposition of sentence was procedurally defective.

It is true that ORS 138.050 allows appellate courts in cases such as this to "only consider the question whether an excessive, cruel or unusual punishment

[67]

has been imposed." We think, however, that implicit in this grant of power to review sentences for substantive defects is a grant of power to review for procedural errors as well. *See State v. Dinkel, supra.* Substantive review of sentencing is possible only if the appellate court has before it the information contained in the presentence report and the reasons the trial court imposed the sentence it did. As appellate courts are mandated to carry out the duties imposed on them by ORS 138.050, they must necessarily possess the power to require trial court compliance with the procedural statutes that make performance of those duties possible. We therefore hold that a defendant who pleads guilty or no contest in a criminal case may appeal the trial court's failure to comply with ORS 137.120(2) and 144.790, and that the appellate court has jurisdiction to entertain such an appeal.

The next question is whether the trial court erred in failing to order a presentence report and in failing to state on the record the reasons for the sentence it imposed. Both ORS 144.790 and 137.120(2) use obligatory language: "* * * [T]he Corrections Division *shall* furnish a presentence report to the sentencing court * * *" and "* * * [t]he court *shall* state on the record the reasons for the sentence imposed." (Emphasis added.) The language does not leave the trial court discretion to dispense with the statutory requirements, and we find nothing elsewhere in the statutory scheme that would indicate the legislature intended the provisions of ORS 144.790 and 137.120(2) to be optional.

■ This does not end our inquiry, however, because the record in the present case shows that defendant expressly waived a presentence report at the time sentence was imposed. We have held in other contexts that an accused may waive rights even if those rights are granted in obligatory language. *See, e.g., State v. Roach,* 271 Or 764, 534 P2d 508 (1975) (waiver of right to not be prosecuted twice for same offense); *State v. Butchek,* 121 Or 141, 253 P 367, 254 P 805 (1927)

(waiver of right to counsel). Whether or not a defendant's waiver dispenses with the need to comply with statutory requirements, therefore, depends not on the presence or absence of obligatory language in the statute but, rather, on whether the legislative policy behind the statutes is solely protection of the defendant, or whether the legislature intended to protect interests beyond those of the defendant. Put another way, the question is whether the statutory mandate can fairly be characterized as a right of the defendant's.[4]

█ We think the reason a defendant's waiver does not eliminate the trial court's duty to comply with ORS 144.790 and 137.120(2) is that in enacting the statutory scheme for sentencing in criminal cases, the legislature intended that the trial court make an independent determination of an appropriate sentence, regardless of the interests of the defendant or the district attorney. ORS 137.120(2) requires that the court state on the record its reasons for the sentence imposed. ORS 144.790 provides that the recommendations contained in the presentence report "shall be for the information of the court and shall not limit the sentencing authority of the court." ORS 135.432, which governs cases in which the accused negotiates a plea, provides that "the trial judge shall give the agreement due consideration, but notwithstanding its existence, he is not bound by it * * *." These statutes all point to the conclusion that the legislature intended full responsibility for sentencing to lie with the court in the first instance. The interest to be served by requiring a presentence report and a statement of reasons for the sentence is therefore not only protection of the defendant, but protection of the general societal interest in responsible sentencing. The requirement of a presentence report ensures that the trial judge will have the information necessary to

---

[4] *See People v. Brown,* 393 Mich 174, 224 NW2d 38, 44 (1974); *State v. Richardson,* 117 NJ Super 502, 285 A2d 231, 233 (1971); *People v. Bentley,* 78 Misc 2d 578, 359 NYS2d 391, 393 (1974).

make a responsible decision, and the requirement that reasons be articulated ensures that the trial judge will go through the reasoning processes necessary to make such a decision. *See State v. Franklin,* 36 Or App 413, 415, 584 P2d 368 (1978).[5] *Compare State ex rel Juv. Dept. v. Cole,* 280 Or 173, 570 P2d 365 (1977).

■ Whether or not this court, as a matter of policy, believes the statutory requirements are necessary to ensure responsible sentencing is irrelevant. As Chief Judge Schwab observed in his opinion below, "We are * * * bound by the legislative mandates except when we can say that the application of the literal words of the statute would produce an absurd result. This is not such a case." 34 Or App at 533 (citation and footnote omitted.)

In its brief in the Court of Appeals, the state conceded that the statutory requirements might have been enacted for purposes other than simply protecting the defendant, but suggested "the very nature of the sentencing process normally accomplishes such purposes * * *." Whatever the merits of that argument, we think the legislature, in enacting the above-cited statutes, decided in favor of additional safeguards beyond those provided by "the very nature of the sentencing process." If those safeguards prove to be excessive in light of the time and expense involved, the change must come from the legislature, not from the court.

■ For these same reasons, we reject the State's argument that reversal is not required in this case because the reason for the sentence is apparent from the record. The State would have us hold, in essence, that when a defendant negotiates a plea, and sentence is imposed pursuant to the negotiations, the defendant "gets what he asks for," and no other reason for the sentence need be given. Our reading of the relevant

---

[5] The presentence report and statement of reasons also provide the appellate court with an adequate record on review. *See State v. Dinkel,* 34 Or App 375, 579 P2d 245 (1978).

statutes, however, indicates that the legislature intended the trial court to make an independent determination of an appropriate sentence, regardless of what agreements are reached pursuant to plea negotiations. ORS 135.432 provides that the trial court is not bound by a plea agreement, "and *may* reach an independent decision on whether to grant sentence concessions * * *." (Emphasis added.) Although ORS 135.432 grants the court discretion to accept or reject a plea agreement, ORS 137.120(2) provides that "[t]he court *shall* state on the record the reasons for the sentence imposed." (Emphasis added.) Reading the two statutes together, it appears to us that when a plea agreement is tendered to the court, the court *may* accept or reject the agreement but *must* state the reasons for the sentence imposed on the record. Consequently, the fact that the record in the present case indicates that the sentence imposed was a result of plea negotiations does not eliminate the need for the trial court to comply with ORS 137.120(2).

The state's reliance on *State ex rel Juv. Dept. v. Cole, supra,* is misplaced. We there held that an order of the juvenile court remanding the defendant to adult court was not reversible for failure to make written findings where it was apparent from the record that the judge went through "the exact mental process" the statute mandated she go through. In the present case, it does not appear from the record that the trial judge went through the mental process required by the statutes, and *Cole* is therefore inapposite.

### III

For the reasons stated above, we hold that the trial court's failure to order a presentence report and to state on the record the reasons for the sentence imposed requires reversal of the judgment in this case and a remand for resentencing. Since the case must be remanded, it is appropriate that we provide some guidance to the trial court with respect to what constitutes an adequate statement of reasons for the sentence.

[71]

■ ORS 138.050 allows a defendant to appeal a sentence that is "excessive in light of the nature and background of the offender or the facts and circumstances of the offense." It is apparent from this that in determining an appropriate sentence, the trial court is expected to consider both the particular offender and the particular offense.

■ In pronouncing judgment after a plea of guilty or no contest or a finding of guilt, the trial judge will have the benefit of the facts relating to the crime, and whether the crime is serious or not. He will know the past record, if any, of the defendant, and the possibilities of rehabilitation, or the necessity of isolating the defendant from society. We do not believe that the trial judge should be required to articulate explicitly every reason for the sentence imposed. The nature of the reasons stated for the sentence will necessarily vary from case to case, and we do not intend to imply that trial courts must follow a particular formula in order to comply with the requirements of ORS 137.120(2). It should be sufficient if, from all the facts and circumstances, the record discloses the "reasons for the sentence imposed." ORS 137.120(2).

As previously discussed, the trial judge in the present case did not comply with the statute and indicate the reasons for the sentence, and the decision of the Court of Appeals remanding the case for resentencing must therefore be affirmed.

Affirmed.