Argued May 24, reversed and remanded for
resentencing August 20

STATE OF OREGON,
*Respondent,*
*v.*
STEVEN EUGENE GRASS,
*Appellant.*

(No. C 78-07-11751, CA 12712)

599 P2d 1203

James E. Mountain, Jr., Deputy Public Defender, Salem, argued for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Catherine Allan, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

■ Defendant was convicted by a jury of assault in the second degree. He was sentenced to five years imprisonment, execution of which was suspended. Defendant was placed on probation upon the condition he be incarcerated in the Multnomah County Jail for a period of one year. Defendant first assigns as error the trial court's denial of his motion for judgment of acquittal on the ground of insufficient evidence. As to that assignment of error we affirm, *State v. Krummacher,* 269 Or 125, 523 P2d 1009 (1974).

■ Defendant also assigns as error the court's failure to sufficiently state reasons for the sentence imposed. Defendant relies upon ORS 137.120(2) which requires that "* * * [t]he court shall state on the record the reasons for the sentence imposed." At the sentencing hearing the court stated "I have to give a reason for it. I am punishing you. That is the reason." We agree this was not adequate to meet the statutory requirement and we reverse and remand for resentencing.

A thorough analysis of the revision of the statutory scheme by the 1977 Legislative Assembly, Oregon Laws 1977, ch 372, §§ 1-18, relating to sentencing and appellate review of sentences is provided in *State v. Dinkel,* 34 Or App 375, 385, 579 P2d 245 (1978).[1] There we said

> "It is generally recognized that the sentencing decision ordinarily seeks to accomplish one or more of

[1] The Supreme Court has also recently analyzed the statutory provisions in *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979). There it said

"* * * Sentence review was expanded in 1977 from the former 'excessive, cruel or unusual' standard to the present substantive review by reference to 'the nature and background of the offender' and 'the facts and circumstances of the offense.' The absence of provisions for effective appellate review of sentences * * * was one criticism leveled against earlier efforts to systematize sentencing law in the Model Sentencing Act published in 1963 by the National Council on Crime and Delinquency and the 1962 draft of the American Law Institute's Model Penal Code. *Compare* the American Bar Association's Report on Standards Relating to Appellate Review of Sentences §§3.1, 3.2;[12] *and see generally,* Caraway, *Sentencing Reform in Multiple Offense Cases: Judicial and Legislative Avenues to Reform,* 7 Conn L Rev 257 (1975).

the objectives of the criminal law: (1) rehabilitation of the defendant; (2) isolation of the defendant from society; (3) deterrence of other members of the community from committing similar future crimes; and (4) retribution by the community against the defendant for his acts. *See, e.g.,* W. LaFave & A. Scott, Criminal Law § 5, at 22-24 (1972); Hall, General Principles of Criminal Law 308 (2d ed 1960).[2] To make a reasoned sentencing decision, a trial judge must determine the priority and relationship of appropriate objectives in each particular case. The duration of a sentence should therefore depend on which of these objectives is to be accorded primary weight in a particular case and on the relative weight to be assigned to the secondary objectives. *See* W. LaFave & A. Scott, *supra,* § 5 at 25; Hart, *The Aims of the Criminal Law,* 23 Law & Contemp Prob 401 (1958); Yankwich, *Individualization of Punishment in the Federal Courts,* 20 FRD 385, 391-92 (1958). * * *

[2] The propriety of objective (4) is questionable in Oregon. *See* Or Const, Art I, § 15; *see also Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 105, 570 P2d 52 (1977)."

Taken together, the legislature's recent enactments reflect a continuing policy to bring rationality and proportionality to the penal dimension of criminal law, a dimension often marked by haphazard statutory penalties, by a deliberate or fortuitous multiplicity of charges, and by the tactical opportunities these factors offer in plea negotiations. [Footnote omitted] * * *

12 "* * * * *

"The ABA Report comments with respect to the standard of 'excessiveness':

"[T]he provision is designed to reach not only the sentence that is clearly excessive on its face, but also the sentence that has no rational basis, the sentence that is dictated by emotion, the sentence that is wrong in principle, and sentences suffering from similar defects. It is intended that among other things the reviewing court should measure the imposed sentence against other dispositions that were open to the sentencing court. A consideration of whether a sentence is excessive thus involves not only consideration of a change in the length of the sentence, but also changes in its form. A commitment to jail when probation should have been imposed can of course be just as excessive as the imposition of ten years where five was called for. * * *

"* * * * *." 286 Or at 592-594.

[578]

■ The sentencing court here selected the fourth objective listed above as its "reason" for the particular sentence imposed.[2] We believe that the reasons required to be stated by the court are different from the general objectives to be desired from the application of our criminal laws.

■ As we said in *State v. Dinkel, supra,* 34 Or App at 385:

> "* * *[T]his court must now consider both the nature and the background of the offender and the facts and circumstances of the offense — in effect, substantive appellate review of a sentence."

The statutory requirement of review of sentences thus presumes an adequate basis for review.

We cannot determine from the court's statement here why, as to this particular defendant, the court selected this particular sentence from among the wide range it may have imposed because the court has not communicated to us how it evaluated the nature and background of this defendant and the facts and circumstances of this offense.[3] *See State v. Biles,* 287 Or 63, 597 P2d 808 (1979).

■ The trial courts should not perceive appellate review as a legislative affront to their competence or integrity. We have interpreted the statute to give very broad discretion to the trial court and have said that where reasons are stated we will intervene only where a sentence imposed by the trial court is "* * * 'clearly mistaken,' *Bordewick v. State,* 569 P2d 184, 187 (Alas 1977), or a 'clear abuse of discretion.' *State v. Waldrip,* 111 Ariz 516, 518, 533 P2d 1151 (1975)." *State v. Dinkel, supra,* 34 Or App at 387-88. However, reasons

---

[2] Because we remand on other reasons we do not consider the constitutional question suggested in n 2 of *State v. Dinkel,* 34 Or App 375, 385, 579 P2d 245 (1978).

[3] We note the court's interest in the fact that the person who had done the actual stabbing had plea bargained to an assault in the fourth degree, while defendant's conviction was for assault in the second degree, but no statement was made by the court that this was considered by him in the sentencing.

must be stated by the court in a manner that allows appellate review for mistake or abuse of discretion.

Reversed and remanded for resentencing.

**TANZER, J., dissenting.**

The trial court's entire statement of reasons was:
> "I have to give a reason for it. I am punishing you. That is the reason."

The majority remands for resentencing because it concludes that this is not a statement of reasons. I cannot concur in that action.

Under the pattern of the 1977 amendments of the sentencing statutes, 1977 Or Laws, ch 372, the responsibility of the trial court is to make an informed sentence based upon a presentence investigation report and to state its reasons for the sentence. The form of the statement is discussed in dicta in *State v. Biles,* 287 Or 63, 597 P2d 808 (1979):
> "* * * We do not believe that the trial judge should be required to explicitly articulate every reason for the sentence imposed. The nature of the reasons stated for the sentence will necessarily vary from case to case, and we do not intend to imply that trial courts must follow a particular formula in order to comply with the requirements of ORS 137.120(2). It should be sufficient if, from all the facts and circumstances, the record discloses the 'reasons for the sentence imposed.' ORS 137.120(2)." 287 Or at 72.

It is then our responsibility on appeal to review the sentence, looking for guidance to the reasons stated by the trial court and, if we disapprove of the sentence below, to modify it.[1] The purpose of requiring the trial court to express its reasons is to assure the appellate

---

[1] Contemporaneously with the amendment of ORS 137.120(2), requiring statement of reasons, ORS 138.040 was amended to provide:

> "* * * If in the judgment of the appellate court the punishment imposed by the sentence appealed from is cruel, unusual or excessive, the appellate court shall direct the court from which the appeal is taken to impose the punishment that should be administered."

court that the sentence was reasoned, *State v. Biles,* 287 Or at 69-70, and, regardless of whether we agree with those reasons, to enable the appellate court to defer to a reasoned sentence or to modify it if we conclude that it is "clearly mistaken," *State v. Dinkel,* 34 Or App 375, 387, 579 P2d 245 (1978) *rev den* (1979).

The statute requires only that the sentencing court express its reasons. The sentencing court did so. The statute does not require that the trial court give reasons with which we agree. Moreover, we cannot say that its reason is unlawful. The majority, citing *State v. Dinkel,* 34 Or App at 385, recognizes the prime objectives of sentencing to be (1) rehabilitation, (2) segregation and (3) deterrence. There is respectable contemporary authority for the idea that correctional programs do not work and that punishment is a valid and effective (if not the only effective) means of achieving those very sentencing objectives. *See* Wilson, Thinking About Crime, 162-82 (1975). I am not enough of an expert to say that punishment is an unreasonable approach as a matter of law.

The problem of the majority is that it finds there to be no reason when in fact it merely disagrees with the reason given. Not only is there no legal basis for a remand inasmuch as the trial court expressed its reason, but the majority gives no direction as to what different or additional action the trial court is mandated to perform on the next go-around. We cannot compel the trial court to state its reason with more words or greater enthusiasm. If the trial court repeats its reason and the case is again appealed, it would be fruitless to again remand it to state the same reason once again. Remand for a more appealing statement is an unsatisfactory and unworkable appellate remedy. The only practical recourse on appeal is to affirm the sentence or to modify it.

I suspect the majority is understandably displeased with the terse and begrudging nature of the trial court's comment. It is not my intention to commend it

as an example. Our dissatisfaction, however, is no reason for remand. Remand, after all, is a sanction against the state, not against the judge. We cannot require the trial judge to like the statute or to comply with it more heartily. We should only remand if no reason is given, or, perhaps, if the purported reason is unlawful. Because the reason is express and lawful, and because I do not believe the sentence to be clearly mistaken, I dissent.