Argued and submitted January 21, reversed and
remanded for resentencing March 10, 1980

STATE OF OREGON,
*Respondent,*

*v.*

DAVID McCAFFREY,
*Appellant.*

(No. 35418, CA 15079)

607 P2d 777

David E. Groom, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Foley, Certified Law Student, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

Defendant appeals from a sentence imposed following a plea of guilty to the charge of failure to appear in the first degree on the ground that the trial court considered confidential information not contained in the presentence report without stating reasons for nondisclosure as required by ORS 137.079(3). We reverse.

At sentencing, the following colloquy occurred:

"THE COURT: I would also indicate to counsel that I have received some confidential information in the form of a cover letter from the Corrections Division and although this information—it is basically, it is covered in the presentence report. There is some information that the Court is considering that will not be released to the parties.

"* * * * *

"Mr. Corl?

"MR. CORL [defendant's attorney]: Yes, your Honor. Now, it is my understanding that the Court has a confidential communication from where?

"THE COURT: From the person who conducted the presentence report.

"MR. CORL: And that is not going to be available to the parties?

"THE COURT: No, it is not.

"MR. CORL: And the Court is going to be considering that in making the sentence?

"THE COURT: Yes. Although, as I indicated, it does not vary in any great detail from what is contained in the presentence report.

"MR. CORL: Well, your Honor, for the record, of course, we would object to the Court's considering something that we would not have an opportunity to review and perhaps challenge the detailed credibility, et cetera."

ORS 137.079(1) requires disclosure of all information received by the sentencing court which it consid-

ers in reaching its decision.[1] Subsection (2) authorizes the court to except from disclosure confidential information, in which case subsection (3) requires the court to alert counsel to the fact that it is withholding information and the court

"shall state for the record the reasons for the court's actions. The action of the court in excepting information shall be reviewable on appeal."[2]

The reasons stated by the trial court for withholding the information are that the information was "basically covered" by the presentence report (although it appears that some new information was considered) and that it is confidential. The fact that information may have been repetitious is not a ground for withholding it under the statute. Further, the mere conclusion that certain information is "confidential" provides no basis for review by this court. The court must state some basis for holding the information confidential.

Reversed and remanded for resentencing.

_____

[1]

"(1) A copy of the presentence report and all other written information concerning the defendant that the court considers in the imposition of sentence shall be made available to the district attorney, the defendant or his counsel a reasonable time before the sentencing of the defendant. All other written information, when received by the court outside the presence of the counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed.

"(2) The court may except from disclosure parts of the presentence report or other written information described in subsection (1) of this section which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable with an expectation of confidentiality.

"(3) If parts of the presentence report or other written information described in subsection (1) of this section are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. The action of the court in excepting information shall be reviewable on appeal." ORS 137.079.

[2] As established in *State v. Biles,* 287 Or 63, 68, 597 P2d 808 (1979), when a statute says that a court "shall state" something on the record, it is a mandatory requirement.