Argued and submitted June 30, affirmed October 29, reconsideration denied November 14, petition for review denied December 3, 1986 (302 Or 345)

STATE OF OREGON,
*Respondent,*

*v.*

WESLEY JAMES EASLEY,
*Appellant.*

(CF 85-356; CA A38645)

727 P2d 620

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant was convicted of attempted sodomy in the first degree, ORS 163.405; ORS 161.405, and assault in the second degree. ORS 163.175. He was sentenced to 30 years' imprisonment as a dangerous offender. ORS 161.725; ORS 161.735. He claims procedural errors in sentencing him as a dangerous offender and seeks resentencing. We affirm.

The facts are not disputed. On September 3, 1985, defendant pled guilty to attempted sodomy in the first degree and assault in the second degree. Sentencing was scheduled for October 3. On that date, the trial court found that there was reason to believe that defendant could be sentenced as a dangerous offender under ORS 161.725. The court ordered a psychiatric examination and scheduled a presentence hearing for November 15. Due to scheduling difficulties at the Oregon State Hospital, the state moved for continuances on November 14, November 29 and December 6, 1985. Defendant did not object, and the court ordered the continuances. The psychiatric examination took place on December 10, 67 days after the court had ordered the examination. On December 30, 1985, the day before sentencing, defendant moved to be sentenced without the application of ORS 161.725, claiming that the state had not met the procedural provisions of ORS 161.735(3). The motion was denied. At the hearing on December 31, defendant moved to continue the sentencing until he could subpoena the examining psychiatrist. That motion was denied, and an indeterminate sentence of up to 30 years was imposed.

Defendant argues that the trial court erred in sentencing him as a dangerous offender, because (1) the psychiatric examination was not completed within the 60-day time limit of ORS 161.735(3)[1], and (2) defendant was denied his statutory right to cross-examine the examining psychiatrist. ORS 161.735(5).[2] We find no error.

---

[1] ORS 161.735(3) provides, in part:

"The psychiatric examination shall be completed within 30 days, subject to additional extensions not exceeding 30 days on order of the court."

[2] ORS 161.735(5) provides:

"Upon receipt of the psychiatric examination and presentence reports the court shall set a time for a presentence hearing, unless the district attorney and

■ ■    Even assuming that failure to comply with the statutory time limit could mean that defendant could not be sentenced as a dangerous offender, he waived any objection to that failure. The purpose of ORS 161.735(3) is to secure a speedy resolution of the dangerous offender issue; it is not to preclude sentencing as a dangerous offender. Thus, a defendant is responsible to do more than endure the passage of time. Defendant at no time raised his statutory right to have the psychiatric examination within 60 days when the continuances were sought. In the circumstances, defendant's failure to object constitutes a waiver of that right.

Defendant's second argument is that he cannot be sentenced as a dangerous offender, because the denial of his motion for a continuance amounted to a denial of his statutory right to cross-examine the psychiatrist. "Granting or denying a continuance is within the sound discretion of the trial court and will not be disturbed in the absence of abuse." *State v. Pagan,* 80 Or App 65, 67 n 1, 721 P2d 859 (1986).

■    This colloquy took place at the sentencing hearing:

"THE COURT:  Did you make any attempt to get the doctor in today?

"[DEFENSE COUNSEL]:  No, I did not, your Honor. To be truthful with you, this is a fairly new statute, and the defense is kind of learning the ins and outs of the statute. I wasn't sure what procedure the Court would be requiring for that.

"THE COURT:  Well, I'm not sure the Court can require any particular procedure. Procedures are usually those initiated by counsel and then proper objections ruled upon by the Court, so the Court itself does not initiate the procedure.

"I would think that you would have a right to subpoena that doctor and you're aware of that statute, so you could have done so.

"[DEFENSE COUNSEL]:  I guess what we would request, then, is that the sentencing be continued and we will get a subpoena for Dr. Shapiro at the Court's convenience.

"THE COURT:  Could be further delay.

the defendant waive the hearing. At the presentence hearing the district attorney and the defendant may examine the psychiatrist who filed the report regarding the defendant."

"[DEFENSE COUNSEL]: Well, we're talking about a possible 30 year incarceration. There's a procedure I might not know about.

"THE COURT: I'm going to deny your request for continuance * * *. I think you could have done that. The statute is not complicated.

"You have a right to examine that doctor, and you've not elected to do so. So we'll proceed with sentencing."

Because we agree with the trial court's reasoning, we cannot say that it abused its discretion.

Affirmed.