487

Argued and submitted February 23, affirmed March 25, 1987

STATE OF OREGON,
*Respondent,*

*v.*

ROLAND LEE SMITH,
*Appellant.*

(J86-0110; CA A41599 (Control))

STATE OF OREGON,
*Respondent,*

*v.*

ROLAND LEE SMITH,
*Appellant.*

(J86-0210; CA A41600)
(Cases Consolidated)

734 P2d 389

Gary D. Babcock, Public Defender, Salem, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this consolidated criminal appeal, defendant seeks remand of his cases for resentencing. He pled guilty to attempted rape in the first degree, ORS 163.375, assault in the second degree, ORS 163.175,[1] and sodomy in the first degree. ORS 163.405. On March 18, 1986, the trial court ordered him committed to the Oregon State Hospital for psychiatric evaluation, pursuant to ORS 161.735.[2] The evaluation was not completed until July 15, 1986, 119 days after it was ordered.[3] Thereafter, the trial court found defendant to be a dangerous offender, as defined in ORS 161.725,[4] and sentenced him to two consecutive 30-year terms of imprisonment, with a 15-year mandatory minimum. Defendant contends only that the trial court was precluded from sentencing him as a dangerous offender, because the psychiatric examination required by ORS 161.735 was not completed within 30 days. We affirm.

■    ORS 161.735 provides, in part:

"(1)  Whenever, in the opinion of the court, there is reason to believe that the defendant falls within ORS 161.725, the court shall order a presentence investigation and a psychiatric examination. The court may appoint one or more qualified psychiatrists to examine the defendant or may order that the defendant be taken by the sheriff to a state hospital

---

[1] The charges of attempted rape in the first degree and assault in the second degree were merged for sentencing.

[2] Defendant was also committed for determination of whether he is a sexually dangerous offender as defined in ORS 426.510.

[3] The record does not indicate that defendant objected to participation in the examination, even though it was conducted more than 30 days after it was ordered and the state had not requested an extension.

[4] ORS 161.725 provides:

"The maximum term of an indeterminate sentence of imprisonment for a dangerous offender is 30 years, if the court finds that because of the dangerousness of the defendant an extended period of confined correctional treatment or custody is required for the protection of the public and if it further finds, as provided in ORS 161.735, that one or more of the following grounds exist:

"(1) The defendant is being sentenced for a Class A felony, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity.

"(2) The defendant is being sentenced for a felony that seriously endangered the life or safety of another, has been previously convicted of a felony not related to the instant crime as a single criminal episode, and the court finds that the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

designated by the Mental Health Division for the examination.

"* * * * *

"(3) The psychiatric examination shall be completed within 30 days, subject to additional extensions not exceeding 30 days on order of the court. The psychiatrist shall file with the court a written report of findings and conclusions, including an evaluation of whether the defendant is suffering from a severe personality disorder indicating a propensity toward criminal activity."

The time limit imposed by ORS 161.735(3) is meant to "secure a speedy resolution of the dangerous offender issue; it is not to preclude sentencing as a dangerous offender." *State v. Easley,* 82 Or App 70, 73, 727 P2d 620, *rev den* 302 Or 342 (1986). Accordingly, in the absence of a showing of prejudice by a defendant, a sentence imposed pursuant to ORS 161.725 will not be vacated just because the time limit of ORS 161.735 has not been satisfied.

■       Defendant claims no prejudice from the delay in completing the psychiatric examination other than that arising from the fact that he was sentenced as a dangerous offender. He makes no claim that the delay resulted in a less favorable report. Similarly, he makes no contention that the prosecution delayed the examination for any improper purpose.[5] Under the circumstances, the court could properly consider the psychiatrist's report and impose the enhanced sentence provided in ORS 161.725.

Affirmed.

---

[5] At the sentencing hearing, the prosecution explained that the delay was due to a lack of bed space at the Oregon State Hospital.