Argued and submitted December 17, 2020; remanded for resentencing, otherwise affirmed June 3; petition for review denied November 4, 2021 (368 Or 702)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JORDAN CHRISTIAN PHILLIPS,
*Defendant-Appellant.*

Yamhill County Circuit Court
17CR82673; A169187

490 P3d 180

Defendant appeals from a judgment of conviction for six counts of sexual abuse in the first degree, ORS 163.427, involving several different underage victims. He argues that the trial court committed legal error by sentencing him for a felony sexual offense without first receiving a presentence investigation report (PSI), as required by ORS 144.791. The state responds that defendant waived his right to a PSI, as permitted by the 2005 amendments to ORS 144.791. *Held*: The trial court erred in sentencing defendant without a PSI. Because the PSI requirement protects society's independent interest in ensuring responsible sentencing, defendant cannot waive preparation of a PSI.

Remanded for resentencing; otherwise affirmed.

Ladd J. Wiles, Judge.

Shawn Wiley, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Daniel Norris, Assistant Attorney General.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

KAMINS, J.

Remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals from a judgment of conviction for six counts of sexual abuse in the first degree, ORS 163.427, involving several different underage victims. He raises multiple assignments of error, and we write to address one: whether a trial court may impose a sentence for a felony sexual offense without first receiving a presentence investigation report (PSI), as required by ORS 144.791.[1] We agree with defendant that the trial court erred in sentencing him without a PSI and remand for resentencing.

Absent certain exceptions not applicable here, ORS 144.791(2) provides that a "sentencing court *shall* order a presentence report if the defendant is convicted of a felony sexual offense." (Emphasis added.) In this case, the trial court did order a PSI, but had not received it at the time of sentencing. The court concluded that the act of ordering the PSI met the statutory requirement and, accordingly, it would be able to determine defendant's sentence without the information contained in the PSI. Defendant, citing the Oregon Supreme Court's decision in *State v. Biles*, contends that sentencing a defendant without the statutorily required PSI is legal error requiring resentencing. 287 Or 63, 68, 597 P2d 808 (1979). The state responds that *Biles* does not govern because that case addressed a previous version of the statute.

In *Biles*, the Supreme Court evaluated the statutory predecessor to ORS 144.791, which provided that "[t]he Corrections Division *shall* furnish a presentence report to the sentencing court." *Id.* (citing *former* ORS 144.790 (1977), *repealed by* Or Laws 1995, ch 520, § 3 (emphasis added)). Recognizing that the "[obligatory] language does not leave the trial court discretion to dispense with" the PSI, the court concluded that the use of a PSI was not optional. *Id.* However, because the defendant had "expressly waived" a PSI and sought to be sentenced in accordance with a negotiated plea agreement, the court went on to evaluate whether the PSI requirement was a right of the defendant's that could be waived. *Id.* The court observed that the statutory scheme for sentencing in criminal cases reflected a legislative intent

---

[1] We reject defendant's remaining assignments of error without discussion.

for the trial court to "make an independent determination of an appropriate sentence, regardless of the interests of the defendant or the district attorney." *Id.* at 69.

Specifically, the statutory scheme granted the trial court discretion to deviate from a negotiated plea or the recommendation contained in the PSI as well as a requirement for the court to state the reasons for the sentence on the record. *Id.* (citing ORS 137.120(2); *former* ORS 144.790 (1977); ORS 135.432). Those statutes "all point to the conclusion that the legislature intended full responsibility for sentencing to lie with the court in the first instance." *Id.* The requirement of a PSI ensures that the trial judge will have the information necessary to make a responsible decision, and the requirement that the trial court articulate the reasons for the sentence ensures that the trial judge will go through the reasoning processes necessary to make such a decision. *Id.* at 69-70. Thus, "[t]he interest to be served by requiring a presentence report and a statement of reasons for the sentence is * * * not only protection of the defendant, but protection of the general societal interest in responsible sentencing." *Id.* at 69.

As the state points out, the current iteration of the statute requiring a PSI does not use identical language to its predecessor. *Compare former* ORS 144.790 (1977) ("[T]he Corrections Division shall furnish a presentence report to the sentencing court.") *with* ORS 144.791(2) ("[A] sentencing court shall order a presentence report."). However, the part of the language that is unchanged is the obligatory nature of the requirement to obtain a PSI. As *Biles* recognized, the use of the obligatory language "shall" renders the statutory edict mandatory. 287 Or at 68. Accordingly, the trial court erred in failing to obtain the statutorily required PSI prior to sentencing.

The state argues that we are not bound by *Biles* because the statute has been amended in such a way that the logic of *Biles* is no longer applicable.[2] According to the

---

[2] We disagree with the state's suggestion that we must reject defendant's argument as unpreserved. The first thing defendant did during the sentencing hearing was raise the fact that the PSI had not been completed. Counsel noted that she "would be prepared" but that the PSI was not ready and she "believe[d] that's required by statute." The state responded that it would "leave it up to the

state, the amendments reflect a legislative intent to make the PSI "contingent *** on the conduct and preferences of the defendant, the state, and the sentencing court" and therefore it is no longer mandatory. The exceptions that the state points to—which the state acknowledges are not relevant here—apply when the offense requires the imposition of a mandatory or presumptive prison sentence and no departure is sought. ORS 144.791(2)(b), (c). Regardless of the fact that defendant *did* seek a downward departure here, meaning that the statute still obligates the preparation of a PSI, the state contends that the existence of those exceptions indicates the legislature's desire to allow for sufficient flexibility that the PSI may be waived.

We disagree with the state. The logic of *Biles* is not disturbed by an exception alleviating the requirement that a trial court be informed by a PSI when imposing a mandatory minimum or presumptive sentence. Rather, that exception appears to recognize that a PSI is not useful when a sentence is prescribed by law and no one seeks an alteration of the prescription. Regardless of the precise purpose of exceptions that are not applicable here, the mere existence of those exceptions does not render *Biles* inapplicable. The *Biles* court's decision hinged upon the legislature's recognition of a societal interest in the protection of "responsible sentencing." That conclusion stemmed from the interaction of three statutes that set forth the trial court's discretion to deviate from a plea recommendation or deviate from a PSI recommendation, and the requirement that the trial court place the reasons for the sentence on record. The state does not suggest that that statutory scheme has changed. We are thus bound by the Supreme Court's decision in *Biles*, and we therefore conclude that the trial court erred in imposing a sentence without a PSI.

Remanded for resentencing; otherwise affirmed.

---

court's discretion." Although, as the state points out, defendant did not object again later when asked, neither the state nor defendant's failure to sufficiently object can dispense with the need to comply with a statutory requirement that protects a societal interest. Rather, as *Biles* instructs, a defendant cannot waive or even negotiate that societal interest away. 287 Or at 69-70.