638 July 2, 2025 No. 597

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JAMES RICHARD SWEARINGEN,
aka James R. Swearingen,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR22360; A182330

Kelly Skye, Judge.

Submitted April 23, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and David O. Ferry, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Defendant appeals from a judgment convicting him of one count of unlawful use of a weapon with a firearm, ORS 166.220; one count of coercion with a firearm, ORS 163.275; and one count of fourth-degree assault, ORS 163.160(2).[1] In a single assignment of error, he argues that the trial court erred on remand from the Supreme Court in resentencing him as a dangerous offender without obtaining a presentence investigation report (PSI) as required by ORS 161.735. We affirm.

We review the trial court's interpretation of applicable statutes in sentencing a defendant as a dangerous offender for errors of law. *State v. Parkerson*, 371 Or 716, 722, 541 P3d 874 (2023). ORS 161.735 sets forth the procedure a court must employ to impose a dangerous offender sentence. *Parkerson*, 371 Or at 722. That statute requires, among other things, that the court "order a presentence investigation and an examination by a psychiatrist or psychologist" and allows the court to appoint a psychiatrist or psychologist to examine the defendant. ORS 161.735(1). It also requires that the examination be completed within no more than 60 days, to ensure speedy resolution of the dangerous offender issue. ORS 161.735(3); *State v. Easley*, 82 Or App 70, 73, 727 P2d 620 (1986). The statute further requires each psychiatrist and psychologist appointed to examine the defendant to file with the court a written report with their findings and conclusions, including their evaluation of whether the defendant suffers from a severe personality disorder indicating a propensity toward criminal activity. ORS 161.735(3). The PSI reports must be prepared in the case for which dangerous offender sentencing is being considered. *Parkerson*, 371 Or at 727-28. A defendant cannot waive the PSI requirements, which are meant to not only protect defendants but also to protect the general societal interest in responsible sentencing. *See State v. Biles*, 287 Or 63, 69-70, 597 P2d 808 (1979) (so stating).

As noted, defendant contends in the instant appeal that the trial court erred in resentencing him as a dangerous offender without obtaining a PSI. It is unclear, however,

---

[1] The trial court dismissed an additional count of first-degree sodomy.

whether defendant's argument is that the trial court erred because it *never* obtained a PSI in this case or because it was required to obtain a *new* PSI before resentencing defendant. Before the trial court on resentencing, defendant briefly argued that the trial court had *never* obtained a PSI before sentencing him as a dangerous offender, in violation of ORS 161.735, and had, instead, relied on a PSI from a different, earlier case. To the extent that defendant renews that argument on appeal, the record does not support his argument. Although the PSI used in 2016 is not part of the record before us, the trial court file includes orders for a PSI, signed in August and September 2016, and a declaration from defendant's counsel, filed in October 2016, in which counsel explains that he received the PSI on October 18, 2016.

Insofar as defendant argues that the trial court was required to obtain a *new* PSI before resentencing him, defendant did not preserve that claim for appellate review. As noted, defendant advanced a qualitatively different argument below, that the trial court had never complied with ORS 161.735's PSI requirements when it originally sentenced him as a dangerous offender. That argument would not have alerted the trial court that, in defendant's view, it was required to order a *new* PSI before resentencing him.

Further, we decline defendant's request for plain error review, because we conclude that there is reasonable dispute as to whether a court is required to obtain a *new* PSI when resentencing a defendant on remand from an appellate court and the court ordered and obtained a PSI when it previously sentenced the defendant. *See State v. Wiltse*, 373 Or 1, 10, 559 P3d 380 (2024) ("To constitute a plain error, an error must be (1) an error of law; (2) obvious, not reasonably in dispute; and (3) apparent on the record, meaning that the appellate court must not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error must be irrefutable." (Internal quotation marks omitted.)).

Affirmed.