117 N.J. Super. 502 (1971)
285 A.2d 231
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
MELVIN RICHARDSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 6, 1971.
Decided December 23, 1971.
*503 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Robert Galisson, Assistant Deputy Public Defender, on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Richard Thayer, Assistant Prosecutor, of counsel; Mr. Albert L. Gaydos, Jr., Assistant Prosecutor, on the brief).
*504 The opinion of the court was delivered by LEONARD, J.A.D.
Defendant pleaded guilty to a two-count indictment charging him with robbery (N.J.S.A. 2A:141-1) while having in his possession a revolver (N.J.S.A. 2A:151-5), and to an indictment charging him with unlawful possession of heroin (N.J.S.A. 24:18-4). On the first he received a 7-10 year State Prison sentence for the robbery and a consecutive 2-3 year sentence for being armed. On the second he was given a concurrent 2-3 year term.
Primarily, defendant asserts that the sentences were illegal because a presentence investigation and report was not made and submitted to the court before the imposition of sentence, as is mandated by R. 3:21-2.
Defendant pleaded on November 16, 1970. Two days later a probation officer visited him in jail to interview him for a presentence investigation. Defendant indicated that he "did not choose to answer any questions, had nothing to say, and he declined to discuss the matter with this officer." The officer submitted to the sentencing judge a "Supplemental Report" in which he noted solely the above facts and then stated that "[B]ecause of the defendant's reluctance to provide needed information, this Supplemental Report is submitted in the place of a full and complete presentence investigation."
Defendant was sentenced on December 1, 1970. Preliminarily, the judge asked him whether he refused to answer any questions as was reported to him. Defendant asserted that the probation officer asked him if he had anything to say and he replied "No." The court inquired whether he would then talk to the probation officer and suggested that sentencing might be deferred for the completion of a proper presentence report. However, defendant, in spite of his attorney's advice that such course of action might be helpful to him, replied that he was not interested and that he wished to be sentenced that day without such a report. Thereupon, the above-noted sentences were imposed.
*505 The State's first contention is that a presentence investigation was conducted and the "Supplemental Report" filed with the court was, in view of defendant's lack of co-operation, a compliance with R. 3:21-2 and N.J.S.A. 2A:168-3. We disagree.
"Presentence reports were originally designed to benefit the individual offenders and lessen the severity of the penal laws. They were incident to the penological approach which sought, and still seeks, to tailor the sentence to the background and present circumstances of the offender along with the nature of his offense." State v. Kunz, 55 N.J. 128, 132 (1969).
The investigation should make available to the sentencing judge a sound and complete knowledge of defendant's character, background, physical and mental make-up and all other pertinent factors. Id. at 147.
N.J.S.A. 2A:168-3 mandates that the probation officers "shall fully investigate and report * * * on the circumstances of the offense, criminal record, social history and present conditions * * *." (Emphasis added). We are aware that there is no requirement that the officer "exhaust all possible sources of information." State v. Vassalluzzo, 114 N.J. Super. 153, 154-155 (App. Div. 1971), aff'd 58 N.J. 227 (1971). Nevertheless, preparation of a good report requires, among other things, that he interview the accused as well as accusers, summarizing their respective versions of the affair. State v. Leckis, 79 N.J. Super. 479, 486 (App. Div. 1963). Members of a defendant's family, his employers and associates, are other possible sources of pertinent information.
Here, the refusal of defendant to cooperate with and give a statement to the probation officer, did not excuse the latter from utilizing other sources and otherwise completing his investigation and report in the manner as above indicated, noting therein defendant's lack of cooperation.
Alternatively, the State argues that defendant, by his conduct, waived the right to a presentence investigation and *506 report. R. 3:21-2 makes such an investigation and report mandatory before the imposition of sentence. State v. Kunz, supra, 55 N.J. at 139. As we said in State v. Culver, 40 N.J. Super. 427 (App. Div. 1956), aff'd 23 N.J. 495 (1957):
The rule which calls for the presentence report is a mandate of the highest order. * * * While it cannot be characterized as a jurisdictional prerequisite to a valid sentence, its importance to the proper administration of criminal justice is so great that in proper cases the sentence may be vacated and a remand granted in order to secure compliance.
It must be kept in mind that the case will be rare indeed in which a prisoner can show prejudice stemming from disregard of the rule. Realization of this fact and of the important social purpose to be served by the presentence investigation, ought to stimulate an unswerving adherence to the practice. * * * [at 431-432]
The essential purpose of the report is fully to inform the sentencing judge as to all relevant matters so that the sentence imposed is suitable and just.
Considering the above-noted policy and purpose, we hold that as a general rule, a defendant cannot waive the mandatory provision that such an investigation and report must be submitted to the court before the imposition of sentence. Although circumstances may arise that would suggest an exception to this rule, we do not believe that such was the situation herein. Consequently, we conclude that criminal justice will best be served by the vacation of the sentences imposed and a remand to the trial court for resentencing following full compliance with R. 3:21-2 and N.J.S.A. 2A:168-3. Defendant should be offered another opportunity to cooperate with the probation department, but if he does not, that fact should be noted.
In view of the above disposition it is not necessary for us to discuss defendant's contention that the sentence was manifestly excessive.
Finally, we turn to his claim that the trial judge erred in accepting his guilty plea to possession of narcotics without inquiring into the factual basis for the plea, as is presently *507 required by R. 3:9-2. This point lacks merit. The record indicates substantial compliance with the rule.
The judgments of conviction are affirmed, the sentences are vacated and the matter is remanded to the trial court for the imposition of new sentences, in accordance herewith.