# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3971-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES E. ZOLA,

    Defendant-Appellant.

_____

        Submitted August 21, 2018 — Decided August 27, 2018

        Before Judges Messano and Geiger.

        On appeal from Superior Court of New Jersey,
        Law Division, Mercer County, Accusation No.
        90-02-0102.

        Joseph E. Krakora, Public Defender, attorney
        for appellant (Frank M. Gennaro, Designated
        Counsel, on the brief).

        Angelo J. Onofri, Mercer County Prosecutor,
        attorney for respondent (Laura C. Sunyak,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

    Defendant James E. Zola was found guilty of capital murder
and other offenses and sentenced to death. State v. Zola, 112

N.J. 384, 390-91 (1988). The Court affirmed defendant's convictions but vacated the death sentence and remanded the matter for retrial of the penalty phase. Id. at 439-40. Thereafter, defendant and the State entered into a plea bargain, whereby defendant's convictions were vacated in return for his guilty pleas to murder, kidnapping and first-degree robbery. In February 1990, without preparation of a Pre-Sentence Investigation Report (PSI),[1] defendant pled guilty and was sentenced the same day to life imprisonment with a thirty-year period of parole ineligibility on the murder conviction, a thirty-year term with a fifteen-year period of parole ineligibility on the kidnapping conviction, and a fifteen-year term with a five-year period of parole ineligibility on the robbery conviction. Although the judgment of conviction (JOC) reflects each sentence was to run consecutively, it nevertheless states the "total" sentence was life imprisonment with a fifty-year period of parole ineligibility.[2] Defendant did not appeal his conviction or sentence.

On December 9, 2011, defendant filed a pro se petition for post-conviction relief (PCR) which in large part challenged events

---

[1] It is unclear whether any PSI report was ever prepared.

[2] In its brief, the State agrees that defendant's sentence was a life term with fifty years of parole ineligibility.

at his trial. However, defendant also asserted that he did not knowingly and voluntarily plead guilty, and plea counsel provided ineffective assistance. In supplemental certifications filed after the appointment of PCR counsel, defendant claimed he was under the influence of "psychotropic medications" that affected his judgment and understanding at the time of his plea, plea counsel never told defendant he waived his right to appeal, and he was sentenced without preparation of a new PSI report. Defendant also furnished the report of psychiatrist Dr. Daniel P. Greenfield, who opined that defendant was plausibly "confused and sedated" at the time he pled guilty. However, absent further documentation, Dr. Greenfield could not opine "with a degree of reasonable medical probability" that defendant was in fact "confused and cognitively impaired" at the time of the plea or that defendant would not otherwise have pled guilty but for the effect of his medications.

Defendant explained his delay in filing the PCR petition was due to excusable neglect, specifically, the effect of his medications. Dr. Greenfield offered no opinion on this issue.

PCR counsel advanced additional contentions at oral argument, asserting defendant's lack of access to his trial file occasioned by the lapse in time was an additional basis for the delay. Counsel argued defendant's sentence was excessive and, at the least,

defendant should be resentenced after completion of a current PSI report.

Judge Robert W. Bingham, II, issued a comprehensive written opinion that accompanied the order denying defendant's petition. Although there was no transcript of the plea allocution or sentencing, Judge Bingham noted the plea form, which defendant legibly signed, indicated his understanding of the charges, waiver of his rights, including his right to file an appeal and his sentence exposure.

Judge Bingham cited Rule 3:22-12(a)(1), which prohibits the filing of a PCR petition more than five years after entry of the JOC under attack unless the delay was the result of "excusable neglect," and defendant's allegations, if true, raise a "reasonable probability" that "enforcement of the time bar would result in a fundamental injustice." Ibid. Judge Bingham concluded the petition was "fatally untimely."

Judge Bingham nonetheless addressed all of defendant's IAC claims as to plea counsel. He noted that because the Court affirmed defendant's convictions and only remanded the matter for a new penalty phase trial, defendant's claim that he would not have pled guilty but for plea counsel's deficient advice was specious. Judge Bingham also rejected the contention that plea counsel failed to investigate defendant's psychological state at

the time of the plea, noting the jury had rejected defendant's diminished capacity defense at trial, and Dr. Greenfield offered no opinion supporting defendant's current claim. In sum, the judge rejected any argument that defendant's guilty plea was not knowingly and voluntarily entered.

Judge Bingham refused to consider defendant's claims of trial error, concluding they either could have been raised on direct appeal but were not, or were otherwise adjudicated on direct appeal. See R. 3:22-4 and -5. He rejected defendant's argument regarding the sentence, noting that the sentence was not illegal or otherwise cognizable on PCR review. R. 3:22-2(c).

Finally, Judge Bingham rejected defendant's contention that he should be resentenced because no PSI report was completed prior to sentencing. Although such reports are mandatory, State v. Mance, 300 N.J. Super. 37, 66 (App. Div. 1997), the Rule in effect when defendant was convicted did not require a PSI report when a defendant was sentenced to death. R. 3:21-2(a) (1990). The judge reasoned that because the trial judge presided over the taking of defendant's guilty plea, and defendant had remained incarcerated between the trial and subsequent sentencing, there was no reason to grant PCR relief solely to resentence defendant.

Before us, defendant first contends that we must remand the matter to the Law Division to reconstruct the record of his guilty plea. We disagree.

At the PCR hearing, the parties stipulated that a transcript of the proceedings could not be produced despite diligent efforts. Apparently, a transcript had never been produced, and the stenographic notes from the plea proceedings could not be located more than two decades later. Defendant acknowledges that the passage of time has resulted in the unavailability of both the trial judge and trial prosecutor, both now deceased. It is unclear whether plea counsel was still available, but, the record fails to include any certification from her, and, therefore, no alleged facts that dispute Judge Bingham's conclusions.

We also note that defendant never sought this relief from Judge Bingham. See State v. Robinson, 200 N.J. 1, 20 (2009) (noting "the obvious need to create a complete record and to preserve issues for appeal"). Nor did defendant move for this relief while the appeal was pending. See R. 2:5-3(f).

More importantly, missing transcripts do not implicate due process rights unless a defendant can demonstrate due diligence to correct the deficiency and resulting prejudice. State v. Bishop, 350 N.J. Super. 335, 347 (App. Div. 2002). Here, defendant can do neither. He waited more than two decades to present his

petition. Additionally, his claims, which center on the effect medications had on his mental state when he pled guilty, are bald assertions in light of Dr. Greenfield's equivocal report. See State v. Porter, 216 N.J. 343, 355 (2013) (noting a PCR defendant "must allege specific facts and evidence supporting his allegations"). There is no showing of prejudice.

Defendant also argues he was entitled to an evidentiary hearing on his petition, specifically contending it was not time-barred, or alternatively, that he demonstrated excusable neglect for the late filing, plea counsel was ineffective, his guilty plea was not knowing and voluntary and the sentence was excessive due to misapplication of State v. Yarbough, 100 N.J. 627 (1985). All these contentions lack sufficient merit to warrant discussion in a written opinion, Rule 2:11-3(e)(2), and we affirm substantially for the reasons expressed by Judge Bingham's thoughtful opinion.

Lastly, defendant argues the failure to order a PSI report violated N.J.S.A. 2C:44-6, which makes preparation of the report mandatory. See also R. 3:21-2(a) (requiring completion of PSI report prior to sentencing). As a result, defendant contends his sentence was "illegal," and his challenge was not time-barred. See R. 3:21-10(b)(5) (permitting an application to correct an illegal sentence to be filed at any time). Notably, the State fails to address this argument in its brief.

In State v. Richardson, 117 N.J. Super. 502, 505 (App. Div. 1971), the defendant refused to cooperate with the probation department in preparation of the PSI report, resulting in no report being furnished to the court prior to sentencing. Interpreting prior versions of the statute and Rule consistent with current iterations, we accepted the defendant's argument that a sentence imposed without a PSI report was "illegal." Id. at 504-05. We also rejected the State's contention that the defendant had waived his right to a PSI report, "hold[ing] that as a general rule, a defendant cannot waive the mandatory provision that such an investigation and report must be submitted to the court before the imposition of sentence." Id. at 506.

We are therefore constrained to vacate the sentences imposed on defendant and remand the matter to the trial court for preparation of a PSI report and resentencing. Given the reason for our remand, in accordance with the Court's guidance in State v. Randolph, 210 N.J. 330 (2012), the judge shall consider the appropriate sentence "as [defendant] stands before th[e] court at the moment of resentencing." Id. at 349. We further note that "where the sentence imposed in the first instance was illegal, a defendant has no basis to argue that imposition of a harsher sentence on appeal is prohibited." State v. Eckert, 410 N.J.

Super. 389, 407 (App. Div. 2009) (citing State v. McCourt, 131 N.J. Super. 283, 287-88 (App. Div. 1974)).

Lastly, the remand shall provide the opportunity for the court to clarify what may have been a purely technical error in the judgment of conviction, which standing alone would not require the substantive resentencing that we have now ordered. Randolph, 210 N.J. at 351 (citing State v. Tavares, 286 N.J. Super. 610, 616 (App. Div. 1996) (distinguishing "abbreviated resentencing proceedings for the purpose of correcting technical errors")). As noted, although the judge imposed consecutive sentences, the only consecutively imposed feature of the sentence was the total period of parole ineligibility; the judgment of conviction did not aggregate the consecutive terms for kidnapping and robbery onto the life sentence imposed for murder. In resentencing defendant, the judge shall have the opportunity to address this anomaly.

Affirmed in part, reversed in part. The sentences imposed are vacated and the matter is remanded for resentencing.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION