**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2240-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JAMES E. ZOLA,

     Defendant-Appellant.

_____

          Submitted September 20, 2022 – Decided October 5, 2022

          Before Judges Messano and Gilson.

          On appeal from the Superior Court of New Jersey, Law
          Division, Mercer County, Accusation No. 90-02-0102.

          Joseph E. Krakora, Public Defender, attorney for
          appellant (Peter T. Blum, Assistant Deputy Public
          Defender, of counsel and on the brief).

          Matthew J. Platkin, Acting Attorney General, attorney
          for respondent (Regina M. Oberholzer, Deputy
          Attorney General, of counsel and on the brief).

PER CURIAM

We need not repeat the salient facts of the brutal 1983 murder that led to the capital conviction of defendant James E. Zola. State v. Zola, 112 N.J. 384, 390–91 (1988). The Court affirmed defendant's convictions but reversed the death sentence and remanded for a retrial on the penalty phase. Id. at 440. No retrial ensued, however, because pursuant to a plea bargain, "defendant's convictions were vacated in return for his guilty pleas to murder, kidnapping and first-degree robbery." State v. Zola, No. A-3971-16 (App. Div. Aug. 27, 2018) (Zola II) (slip op. at 2). The judge sentenced defendant to life imprisonment with a fifty-year period of parole ineligibility. Id. at 2.

Defendant did not file a direct appeal but instead filed a post-conviction relief (PCR) petition. Ibid. The PCR judge, who was not the trial or plea judge, denied the petition. Id. at 4. On appeal, we largely affirmed the denial. Id. at 6–7. The Court denied defendant's petition for certification. State v. Zola, 237 N.J. 176 (2019).

We remanded the matter to the Law Division for resentencing, however, because a pre-sentence investigation (PSI) report had never been prepared, and we have previously held a sentence imposed without the benefit of a PSI report was "illegal." Zola II, slip op. at 8 (citing State v. Richardson, 117 N.J. Super. 502, 505 (App. Div. 1971)). We also directed the judge to "consider the

appropriate sentence 'as [defendant] stands before th[e] court at the moment of resentencing.'" Ibid. (alterations in original) (quoting State v. Randolph, 210 N.J. 330, 349 (2012)).

Probation prepared a PSI report prior to the resentencing hearing on December 13, 2019, at which the PCR judge sentenced defendant to a seventy-year term of imprisonment with a thirty-year period of parole ineligibility on the murder conviction, a consecutive thirty-year term of imprisonment with a fifteen-year period of parole ineligibility on the kidnapping conviction, and a concurrent fifteen-year term of imprisonment on the robbery conviction. This appeal followed.

Defendant raises the following points for our consideration:

> POINT I
>
> [DEFENDANT] SHOULD BE RESENTENCED BECAUSE THE COURT IMPOSED CONSECUTIVE SENTENCES WITHOUT JUSTIFYING THE OVERALL FAIRNESS OF THE AGGREGATE SENTENCE OF ONE[-]HUNDRED YEARS WITH A FORTY-FIVE[-]YEAR PAROLE DISQUALIFIER.
>
> POINT II
>
> [DEFENDANT] SHOULD BE RESENTENCED BECAUSE THE SENTENCING COURT FAILED TO PROVIDE A VALID EXPLANATION FOR REJECTING MITIGATING FACTOR FOUR, EVEN THOUGH [DEFENDANT]'S MENTAL DISEASE

SEEMED TO CONTRIBUTE TO HIS MISBEHAVIOR.

POINT III

[DEFENDANT] SHOULD BE RESENTENCED BECAUSE THE COURT MADE CONFLICTING FINDINGS ON THE AGGRAVATING AND MITIGATING FACTORS, FINDING A HEIGHTENED RISK OF REOFFENDING AND A HEIGHTENED NEED FOR DETERRENCE, BUT ALSO FINDING THAT THE CIRCUMSTANCES WERE UNLIKELY TO RECUR AND THAT [DEFENDANT] SEEMED UNLIKELY TO REOFFEND.

POINT IV

[DEFENDANT] SHOULD BE RESENTENCED BEC[AU]SE THE CURRENT MITIGATING FACTOR FOURTEEN PROVIDING THAT YOUTH IS MITIGATING SHOULD BE GIVEN PIPELINE RETROACTIVITY.[1]

POINT V

[DEFENDANT] WAS DEPRIVED OF THE RIGHT TO A JURY TRIAL BY A PAROLE DISQUALIFIER THAT WAS ONLY AUTHORIZED ONCE THE COURT MADE ITS OWN FINDINGS AT SENTENCING.

Having considered these points in light of the record and applicable legal standards, we are constrained to remand once again for resentencing.

---

[1] We have omitted the subpoints of this argument.

We quickly dispose of the arguments raised by defendant in Points IV and V. Mitigating sentencing factor fourteen permits the judge to consider that a defendant was under twenty-six years of age when the offense was committed. N.J.S.A. 2C:44-1(b)(14). Defendant was twenty-four-years old at the time of the homicide and related offenses.

However, since the briefs in this matter were filed, the Court decided State v. Lane, 251 N.J. 84 (2022). In Lane, the Court held the Legislature intended this new sentencing factor "apply . . . prospectively to defendants sentenced on or after its effective date of October 19, 2020." Id. at 97. Defendant was neither sentenced nor resentenced after mitigating factor fourteen's effective date.[2]

Defendant recognizes the argument in Point V is equally unavailing by specifically noting he made the argument "to preserve [his] right to federal review." Defendant contends the judge's imposition of a discretionary period of parole ineligibility on the kidnapping conviction was based on judicial factfinding in contravention of Alleyne v. United States, 570 U.S. 99 (2013),

---

[2] In State v. Bellamy, we concluded "where, for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies." 468 N.J. Super. 29, 48 (App. Div. 2021). In this case, defendant was resentenced on December 13, 2019, nearly one year before the Legislature enacted mitigating factor fourteen.

A-2240-19

and other cases.   Defendant notes, however, that the Court's decision in State v. Kiriakakis, 235 N.J. 420 (2018), rejected an identical claim.

We turn to the other arguments defendant raises in urging us to remand the matter once again to the Law Division for resentencing.   We start by recognizing "[a]ppellate review of a sentence is generally guided by the abuse of discretion standard." State v. Miller, 237 N.J. 15, 28 (2019) (quoting State v. Robinson, 217 N.J. 594, 603 (2014)).

> The appellate court must affirm the sentence unless (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [State v. Fuentes, 217 N.J. 57, 70 (2014) (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364–65 (1984)).]

"The general deference to sentencing decisions includes application of the factors set forth in N.J.S.A. 2C:44-1(a) and (b): appellate courts do not '"substitute [their] assessment of aggravating and mitigating factors" for the trial court's judgment.'" Miller, 237 N.J. at 28–29 (alteration in original) (quoting State v. Miller, 205 N.J. 109, 127 (2011)).

6

Defendant's arguments in Points II and III are based on the judge's findings regarding certain aggravating and mitigating sentencing factors. At resentencing, the judge found aggravating factors one, two, three, six, nine and twelve. See N.J.S.A. 2C:44-1(a)(1) ("[t]he nature and circumstances of the offense . . . including whether or not it was committed in an especially heinous, cruel, or depraved manner"); (a)(2) ("[t]he gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance"); (a)(3) (the risk defendant would reoffend); (a)(6) (defendant's prior criminal record and seriousness of the current offenses); (a)(9) (the need to deter defendant and others); (a)(12) (the victim was sixty years of age or older). The judgment of conviction (JOC) reflects the judge found no mitigating sentencing factors.

Defendant urged the resentencing judge to find mitigating factor four, i.e., "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." N.J.S.A. 2C:44-1(b)(4). Counsel cited a 1983 psychiatric report by Dr. Robert L. Sadoff, which concluded defendant was suffering from a "serious mental disorder" at the time of the murder. However, citing a 2014 psychiatric report in support of

defendant's PCR petition by a different defense expert, Dr. Daniel P. Greenfield, the judge noted Dr. Greenfield could not render an opinion supporting defendant's claim that he was confused or cognitively impaired when he pled guilty in 1990. The judge concluded the evidence was insufficient to find mitigating factor four applied.

Before us, defendant contends the judge's reasoning "was puzzling," and he "seemed confused about the issue" because he ignored the 1983 report and focused on the 2014 report that had nothing to do with defendant's mental state at the time of the murder. We acknowledge the 2014 psychiatric report had little if any relevance to whether "there were substantial grounds tending to excuse or justify . . . defendant's conduct" in 1983. N.J.S.A. 2C:44-1(b)(4).

However, Dr. Sadoff testified at defendant's capital trial and opined that defendant "could not have knowingly or purposely killed [the victim]." Zola, 112 N.J. at 400 (alteration in original). In affirming defendant's conviction, the Court found the "thesis" of Dr. Sadoff and another expert supporting a diminished capacity defense to reduce the murder charge to manslaughter "was sorely tested by the evidence," and ultimately rejected by the jury. Id. at 401. Although mitigating factor four may still apply if the supporting evidence "fail[ed] to establish a defense" at trial, N.J.S.A. 2C:44-1(b)(4), we see no reason

to substitute our judgment as to the finding of aggravating and mitigating sentencing factors for that of the sentencing court. Miller, 237 N.J. at 28. We are unpersuaded by the argument raised in Point II.

In Point III, defendant asserts we should remand for resentencing because the judge made "conflicting findings" that aggravating factors three and nine—the risk of re-offense and the need to deter—were present, while also finding mitigating factors eight and nine applied. See N.J.S.A. 2C:44-1(b)(8) (defendant's conduct was due to circumstances unlikely to recur); and (b)(9) (defendant's character and attitude made it unlikely he would reoffend). To properly consider the point, we quote the judge's comments regarding the mitigating factors verbatim.

> Defendant also requests application of mitigating factor number [eight] . . . . [T]he [c]ourt finds this factor as to each offense. Defendant is now [sixty-one] years of age, and there's no evidence of current drug addiction. He still, however, has mental health issues and needs medication to not pose a safety threat to others, and he has had compliance issues with taking necessary psychotropic medication . . . . Accordingly, the [c]ourt gives slight weight to this mitigating factor.

> Defendant also requests application of mitigating factor number [nine] . . . . The [c]ourt does not find sufficient evidence to fully support this factor. Defendant's small number of infractions while incarcerated, and his participation in the numerous programs, does not . . . establish that he is unlikely, with

9

the emphasis on unlikely, to commit another offense, particularly given past noncompliance . . . . The [c]ourt will, however, give moderate weight, nonetheless, recognizing defendant's efforts toward rehabilitation.

The judge found no other mitigating factors, and, as noted, the JOC indicates the judge found no mitigating sentencing factors at all.

We have held that aggravating factor three "is related to" mitigating factors eight and nine. State v. Towey, 244 N.J. Super. 582, 593 (App. Div. 1990). Indeed, the Court drew a direct connection between these and other aggravating and mitigating factors in Randolph, where it explained in the context of a resentencing:

> Although many of the factors bear directly on the circumstances of the crime itself, a number of factors permit consideration of the defendant's individualized, personal circumstances. The "whole person concept" survives in limited form through the application of some aggravating and mitigating factors that, although relating to the crime, still invite consideration by the sentencing court of the individual defendant's unique character and qualities. Aggravating factors three, . . . and nine, . . . and mitigating factors eight, . . . nine, . . . and ten . . . fall within that categorization.
>
> [210 N.J. at 349 (citation omitted).]

The State concedes that although the JOC states the judge found no mitigating factors, he did find mitigating factor eight applied, and the State urges us to remand solely for the judge to enter an amended JOC. As defendant notes,

however, the Court has recognized an inherent tension between aggravating factor nine—the need to deter—and mitigating factor eight. See Fuentes, 217 N.J. at 79–80 (citing cases that "illustrate . . . aggravating factor nine and mitigating factor eight rarely apply in the same sentencing, [but] do not hold that the two factors are irreconcilable").

However, as the State points out, the Fuentes Court also clearly stated:

> In exceptional cases, even if the record demonstrates that the offense at issue arose in circumstances unlikely to recur, thus supporting a finding as to mitigating factor eight, a defendant could nonetheless pose a risk of recidivism, requiring specific deterrence within the meaning of N.J.S.A. 2C:44-1(a)(9). While such a case will be rare, we decline to hold that aggravating factor nine and mitigating factor eight can never apply in the same sentencing.
>
> [Id. at 80.]

Here, the judge gave detailed reasons that fully support his finding of aggravating factor nine. At the same time, the judge cited factors inherently created by the unique procedural history of this case, specifically, that defendant was being resentenced for a crime committed thirty-six years earlier. The judge explained that now defendant was sixty-one years of age and showed no evidence of current drug addiction, and the judge also explained why he gave only slight weight to the finding of mitigating factor eight. In short, the judge

11

implicitly clarified why this was one of those "exceptional cases" where findings of aggravating factor nine and mitigating factor eight were not inherently contradictory.

The State contends the judge did not find mitigating factor nine. But as one can see from the sentencing transcript, the judge's findings are unclear. The judge initially said he did "not find sufficient evidence to fully support this factor," but thereafter expressly said he was giving mitigating factor nine "moderate weight . . . recognizing defendant's efforts toward rehabilitation." Rehabilitation efforts since the date of the offense are particularly relevant to a finding of mitigating factor nine. See Cannel, N.J. Criminal Code Annotated, cmt. 5 on N.J.S.A. 2C:44-1 (2022) (noting as to factor (b)(9), "rehabilitation that occurred after conviction is relevant" because "the defendant is to be judged as he is on the day of sentencing"). The picture is further muddled by the lack of any mitigating factors entered on the JOC.

We hasten to add that we reach no conclusion as to whether mitigating factor nine applies, and, if it does, what weight the judge should accord to it. Nor do we express an opinion about defendant's assertion of an inherent inconsistency between such a finding and a concomitant finding of aggravating factor three. On the existing record, we cannot conduct a meaningful review.

A-2240-19

For this reason, and one further reason that follows, we are constrained to remand the matter again for resentencing.

In Point I, defendant argues that in imposing consecutive sentences on the murder and kidnapping convictions, the judge failed to comply with the Court's directive in State v. Torres, 246 N.J. 246 (2021), decided after defendant's resentencing. In Torres, the Court required a sentencing judge to provide "[a]n explicit statement, explaining the overall fairness of a sentence imposed on a defendant for multiple offenses in a single proceeding or in multiple sentencing proceedings." Id. at 268.

Here, the judge explained his reasons for imposing consecutive sentences in accord with the factors outlined in State v. Yarbough, 100 N.J. 627, 643–44 (1985). However, in recognizing the critical consequence of the Legislature's elimination of Yarbough's sixth factor—an overall outer limit on consecutive sentences—the Torres Court reasoned:

> Acknowledging and explaining the fairness of the overall sentence imposed on the defendant advances critical sentencing policies of the Code [of Criminal Justice], as amplified by Yarbough. It remains, in fact, the critical remnant of accountability imposed by Yarbough, since the legislative elimination of the outer limit imposed by factor six.
>
> [246 N.J. at 268.]

Because we are remanding for other reasons, if the judge again chooses to impose consecutive sentences, he shall provide "[a]n explicit statement, explaining the overall fairness" of the sentence he imposes. Ibid.

In sum, we vacate the sentences imposed and remand for the judge to resentence defendant again. In doing so, and without expressing any opinion about specific findings the judge may otherwise make on remand or the appropriate sentence he may impose on defendant: (1) the judge shall explain whether he finds mitigating factor nine applicable, and, if so, its qualitative impact on the findings he makes regarding other aggravating and mitigating sentencing factors; (2) if the judge again chooses to impose consecutive sentences, he shall provide an explicit statement on the overall fairness of the sentence as required by Torres; (3) the judge shall find mitigating factor fourteen applies and assess its weight, see Lane, 251 N.J. at 97 n.3 ("We view N.J.S.A. 2C:44-1(b)(14) to apply not only to defendants sentenced for the first time on or after October 19, 2020, but also to defendants resentenced on or after that date for reasons unrelated to mitigating factor fourteen."); and (4) the judge shall issue a corrected JOC that accurately reflects his findings as to all aggravating and mitigating sentencing factors and the sentence imposed.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2240-19